UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JUAN GABRIEL M.A., | Case No. 26-CV-852 (NEB/DTS) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

---

On February 3, 2026, the Court granted in part Petitioner's Petition for a Writ of Habeas Corpus. (ECF No. 9.) That Order's factual findings and legal conclusions are incorporated by reference. The Court concluded that Juan M.A. was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2); the Court ordered Respondents to provide Juan M.A. a bond hearing within seven days.

However, the Court reserved the issue of whether immediate release is warranted. The Court ordered further briefing on arguments raised in Juan M.A.'s reply concerning the validity of the warrant. According to Juan M.A., the warrant is deficient in several respects, and the information in the warrant shows it was issued after Juan M.A. was

detained. Without a valid warrant, immediate release—rather than a bond hearing—is the proper remedy. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

The deadline for Respondents brief has passed, and Respondents have not filed anything. By failing to file a brief or evidence in support of the warrant, Respondents have failed to establish the validity of the warrant. Without a valid warrant, the Court grants the Petition and orders Respondents to immediately release Juan M.A.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion to Amend Judgment (ECF No. 11) is GRANTED;

2. The Court's February 3, 2026 Order (ECF No. 9) is VACATED to the extent it requires Respondents to provide Petitioner with a bond hearing because the Corut concludes that immediate release is the proper remedy;

3. The February 3, 2026 Judgment (ECF No. 10) is VACATED;

4. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

   b. ORDERS that Respondents immediately transfer Petitioner to Minnesota and release Petitioner in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

   c. ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized during Petitioner's arrest such as, but not limited to, immigration paperwork;

   d. ORDERS that Respondents release Petitioner without the imposition of conditions on his release;

   e. ORDERS that, within **three days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 7, 2026     BY THE COURT:
Time: 5:30 p.m.             s/Nancy E. Brasel
                                                     Nancy E. Brasel
                                                     United States District Judge